UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

v.

HUMA KHAN,

          Defendant.

———————————————————————

07-CR-623

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 13, 2007, Huma Khan pled guilty to a single-count information, which charged that between September 2004 and March 2007, the defendant, together with others, conspired to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

Khan was sentenced on February 11, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 29 and the defendant's criminal history category to be I, yielding a guidelines range of imprisonment of 87 to 108 months imprisonment. Pursuant to section 5K1.1 of the United States Sentencing Guidelines, the government submitted a letter describing Khan's substantial assistance and recommending that the court depart downward from the guidelines range. The parties conceded, and the court found, that the statutory minimum of 10 years imprisonment, see 21 U.S.C. 841 (b)(1)(A)(i), did not apply in light of the government's 5K1.1 submission. See also 18 U.S.C. § 3553(f). The guidelines range of fine was from $4,000 to $15,000.

Khan was sentenced to five years probation, which may be served inside or outside of the United States. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's letter submitted under section 5K1.1 of the United States Sentencing Guidelines.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Although the offense is serious, the defendant has demonstrated remorse. Her presence at home is necessary for the care of her four children, for whom she is the sole provider and caretaker. A sentence of five years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal possession and distribution of narcotics will result in a substantial penalty. Specific deterrence is of minimal necessity with respect to this defendant. It is unlikely that she will engage in further criminal activity in light of her close relationship with children, the necessity of her supervision of her children, and her cooperation with government authorities.

Jack B. Weinstein
Senior United States District Judge

Dated: February 16, 2010
Brooklyn, New York